FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
APR 05 2023
JEFFREY P. COLWELL
CLERK

# Complaint against Assistant Attorney General of Colorado India Kidd-Aaron in Case #XY2022-0001 CDS, DORA, CO AG; Plaintiff's v. Jason Ray Clark/CBI; DEFENDANTS

"**Attorney misconduct** is **unethical** or illegal conduct by an attorney. Attorney misconduct may include: conflict of interest, overbilling, refusing to represent a client for political or professional motives, false or misleading statements, knowingly accepting worthless lawsuits, **hiding evidence**, abandoning a client, **failing to disclose all relevant facts**, arguing a position while neglecting to disclose prior law which might counter the argument, or having sex with a client." **wikipedia**

**1,** Making an absurd statement that I threatened you is a **false statement**. You may not actually report this to the court (and others), but I am. I am also forwarding our most recent email string on 3/28/23-3/29/23 to the Court, Clerk of Court, Judge Matthew E. Norwood, the CO BAR, The Federal Pro Se Clinic, The Office of Attorney Regulation Counsel, and The Independent Ethics Commission, as well as your boss Attorney General of Colorado Philip J. Weiser, and Natalie Hanlon Leh Chief Deputy Attorney General of Colorado and Eric Olson Colorado Solicitor General, and lastly Senator Jim Smallwood (R, Parker) whom I have spoken with on this ridiculous, vexatious, and corrupt litigation. In addition, please find this complaint that I wrote and filed with the Office of Attorney Regulation Counsel (CO BAR) case #23-18 on 1/4/2023 under review of Matt Ratterman, Esquire, of whom I have spoken to citing the exact language I used with you in our email exchange and at no time did even the thought of me threatening you come up. However, Mr. Ratterman did say, "I feel for you. Running you through the ringer." Here is the complaint that I filed as well as amended and resent to Mr. Ratterman.

**<u>Complaint and Request for Review case #23-18 on 1/4/2023 CO BAR</u>**

"All states have a **<u>rule of ethics</u>** that **<u>prohibits attorneys</u>** from engaging in "**<u>dishonesty</u>, fraud, <u>deceit</u>, or <u>misrepresentation</u>.**" The interpretation of this rule, especially as applied to prosecutors, is unclear and controversial."

Assistant Attorney General for the State of Colorado Ms. India Kidd-Aaron either lied, attempted to deceive, or misrepresented herself, the Office of the Attorney General, and The State of Colorado, Colorado Division of Securities when she claimed that Defendant Jason R. Clark "was not available" for a meeting with the CDS. This is relevant and material to Jason Clark's case because the state represented by AAG India Kidd-Aaron must prove that Jason Clark/CBI has been "willfully violating or failed to comply" with article 51 provisions, CDS to

lawfully revoke Jason Clark/CBI securities licenses. I/Jason Clark/CBI have made numerous attempts to meet with the CDS and have done the complete opposite of willfully disobeying CDS directives, statutes, and rules to comply with being a law abiding and fully compliant Registered Investment Advisor in the State of Colorado. I/Jason Clark/CBI have NUMEROUS emails, phone calls, texts, personal and professional eyewitnesses to document ALL of CBI/Jason Clark's efforts to comply with CDS, **TO INCLUDE BEING AVAILABLE ON ANY DAY AT ANY TIME AT ANY LOCATION.** CDS claims and charges against Jason Clark/CBI have already been proven **FACTUALLY FALSE** as **FINDINGS OF FACT** in **FINRA arbitration on September 8-9, 2022, in Denver, CO.** Rules of Ethics and conduct of Attorneys is clear. The enforcement is severely lacking. Stating, inferring, or giving the impression that a meeting occurred when one did not is either lying, deception, or misrepresentation. ALL against the Law and code of ethics for Attorneys, regardless of that Attorneys' status or Job Title. This is a FACT, and cannot be argued away by interpreting Laws, statutes, or rules. FACTS don't change because someone is a Lawyer, or in a position of power and authority. There is no other way to determine if someone is lying, deceiving, or being misrepresentative than to investigate, interview, and discover the truth. The truth leads to justice. Attorneys know this. This legal concept is taught in Law School, and written and enforced throughout the US judicial and court systems, as well as supposedly enforced by BAR Associations throughout the United States of America. Assistant Attorney General India Kidd-Aaron is either lying, being deceptive, or misrepresenting relevant and material information to benefit The State of Colorado's Case against me/Jason Clark/CBI, defendant. By allowing these unlawful, deceptive, undermining legal tactics the judicial system is committing fraud, undo means, evident partiality, and manifest disregard of the Law. The State's case against me/Jason Clark/CBI is **vexatious, insidious, calamitous, arbitrary, capricious, baseless, reckless, careless, and negligent.** And the FACT that the Office of Attorney Regulation Counsel and assigned attorney Matt Ratterman CASE #23-18 completely dismissed Jason Clark/CBI legitimate, relevant, and material Claim should be reviewed. There is no plausible reason other than corruption or political alternatives that Ms. India Kidd-Aaron should at the least be investigated, questioned, and held accountable.

**"In law, fraud is intentional deception to secure unfair or unlawful gain, or to deprive a victim of a legal right."**

Thank You, Jason R. Clark, pro se defendant Case #XY2022-0001 CDS v. Jason Ray Clark/CBI.

**2,** Not providing me with the time, date, and proof and evidence that I declined a meeting with CDS is **hiding evidence AND failing to disclose all relevant facts.** Please answer this question or I will file a motion to compel you to answer this question.

**3,** Not answering my question regarding asking CDS for the discovery you asked me for AFTER I disclosed to you that CDS has ALL discovery documents you requested from me is **unethical.** Please answer this question or I will file a motion to compel you to answer this question.

**4,** Ironically it is you Ms. India Kidd-Aaron who is attempting to intimidate me. This too, is **unethical and against the Law**, as I am a Pro Se Defendant, and I am afforded numerous protections under the Law for being a "defendant" as well as being "pro se". This directly from The American Bar Association web page Standard 3-1.2(b) excerpt … "The prosecutor should seek to protect the innocent and convict the guilty, **consider the interests of victims** and witnesses, **and respect the constitutional and legal rights of all persons,** including suspects **and defendants." AND**

(c) (excerpt) The prosecutor should know and abide by the **standards of professional conduct** as expressed in applicable law and **ethical codes** and opinions in the applicable jurisdiction. **The prosecutor should avoid an appearance of impropriety** in performing the prosecution function.

And, Standard 3-1.4(b) in its entirety reads:

(b) The prosecutor **should not make a statement of fact** or law, or offer evidence, that the prosecutor does not reasonably believe to be true, to a court, lawyer, witness, or **third party**, except for lawfully authorized investigative purposes. In addition, while seeking to accommodate legitimate confidentiality, safety or security concerns, **a prosecutor should correct a prosecutor's representation of material fact** or law that the prosecutor reasonably believes is, or **later learns was, false**, and should disclose a material fact or facts when necessary to avoid assisting a fraudulent or criminal act or to avoid misleading a judge or factfinder.

LASTLY (in its entirety Standard 3-1.12),

**Standard 3-1.12 Duty to Report and Respond to Prosecutorial Misconduct**

(a) The prosecutor's office should adopt policies to address allegations of professional misconduct, including violations of law, by prosecutors. At a minimum such policies should require internal reporting of reasonably suspected misconduct to supervisory staff within the office, and authorize supervisory staff to quickly address the allegations. Investigations of allegations of professional misconduct within the prosecutor's office should be handled in an independent and conflict-free manner.

(b) When a prosecutor reasonably believes that another person associated with the prosecutor's office intends or is about to engage in misconduct, the prosecutor should attempt to dissuade the person. If such attempt fails or is not possible, and the prosecutor reasonably believes that misconduct is ongoing, will occur, or has occurred, the prosecutor should promptly refer the matter to higher authority in the prosecutor's office including, if warranted by the seriousness of the matter, to the chief prosecutor.

(c) If, despite the prosecutor's efforts in accordance with sections (a) and (b) above, the chief prosecutor permits, fails to address, or insists upon an action or omission that is clearly a violation of law, the prosecutor should take further remedial action, including revealing information necessary to address, remedy, or prevent the violation to appropriate judicial, regulatory, or other government officials not in the prosecutor's office.

**Source:**
https://www.americanbar.org/groups/criminal_justice/standards/ProsecutionFunctionFourthEdition/

**5, 1. What are the four main types of prosecutorial misconduct?**

- **failure to disclose exculpatory evidence (see #2 above)**
- **introducing false evidence (see #2 above)**
- using improper arguments, and.
- discriminating in jury selection.

**Prosecutorial vindictiveness** occurs where a prosecutor retaliates against a defendant for exercising a constitutional or statutory right by increasing the number or severity of the charges against him.[1][2] The United States Supreme Court has held prosecutorial vindictiveness to constitute a violation of a **defendant's right to due process.**[3][4]

**Source:**

https://en.wikipedia.org/wiki/Prosecutorial_vindictiveness

Though Ms. India Kidd-Aaron has not "increased the number or severity of the charges" (Not Yet, anyhow), she has increased her vindictiveness towards Defendant Jason Ray Clark (see attached EMAIL string) in an attempt to intimidate Defendant Jason Ray Clark from obtaining exculpatory evidence (see #2 above), as well as introducing false evidence (see #2 above) to gain an unfair, unethical, illegal, and fraudulent verdict against the Defendant Jason Ray Clark and Clark Brothers Investments. **This is against the Law, as well as against ethical standards of conduct for attorneys and prosecutors.**

**6,** quoting The Colorado Bar, The American Bar, and ethical standards for Lawyers is not a threat. I am allowed to question you, ask you for evidence through discovery (due process), disagree with you, **as well as report you to the Colorado Bar and other legal regulatory authorities – Which as I have stated, I am going to do, again.**

**Email string btw Jason Ray Clark (DEFENDANT) and India Kidd-Aaron (Prosecutor, Assistant AG CO)**

**case # 2022-0001 Judge Matthew E. Norwood Presiding**

# Beginning of Email String

RE: YOUR request for Discovery

From India Kidd-Aaron

To jason@clarkbrothersinvestments.com

Date Tue 10:45

Attachments

- Petitioner's First Written Discovery Request to Respondent.pdf(~181 KB)Options

Message Body
Mr. Clark,

I need you to respond to the specific requests in the discovery request. Please note, I do not have access to any of the documents that you submitted to the SEC. The SEC is a completely separate agency from the Colorado Securities Division - who is my client. So, if you have provided the SEC with documents requested in the attach, please also provide them to me. If you do not know how to respond to the attached, I have provided a non-exhaustive list of appropriate responses below.

APPROPRIATE RESPONSES FOR WRITTTEN DISCOVERY

1. If you have already provided the requested documents:
   - Describe the documents you have provided that fall within the described category of requested documents;
   - the approximate date that you provided them;
   - and who you provided them to
2. If you do not have the documents in your possession/ are unable to provide the documents:
   - Describe why the documents are not in your possession;
   - Why you are unable to provide the documents; and
   - What you need to do to obtain/ provide the documents
3. If the documents do not exist:
   - State that the documents do not exist; and
   - Why the documents do not exist
4. You have the documents/ think you have the documents:
   - Provide them; or
   - Provide them and explain why you believe that the documents you are providing are the requested documents

Again, please note that the above is non-exhaustive list and meant to provide you with guidance on how to respond to the attached.

If you do not reply to the attached written discovery request, I will have to file a motion to compel with the OAC.

Petitioner's Attorney - India Kidd-Aaron

India Kidd-Aaron
Colorado Department of Law
P: 720-508-6401 | India.Kidd-Aaron@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

-----Original Message-----
From: jason@clarkbrothersinvestments.com
<jason@clarkbrothersinvestments.com>
Sent: Thursday, March 23, 2023 10:11 AM
To: India Kidd-Aaron <India.Kidd-Aaron@coag.gov>
Subject: YOUR request for Discovery

Hi, all of the requested discovery you asked for the CDS/DORA and the SEC already have. The only outstanding items are new client Contracts since Sept 8-9, 2022 FINRA arbitration hearing.
I will provide newer CBI contracts ASAP. As for all of the other items, you will have to obtain that from CDS and/or SEC. I provided twice, and unless you can site a CO Securities statute or a LAW that states I have to provide the EXACT SAME INFORMATION a third time, we can agree that the AG office will have to get the requested discovery from CDS and/or SEC.
Thanks, Jason R. Clark, Always available for discussion, 720.255.5711.

RE: YOUR request for Discovery

From India Kidd-Aaron

To jason@clarkbrothersinvestments.com

Date Tue 16:02

Attachments

- Part 2.eml(~8 KB)Options

Message Body
Mr. Clark, I am interpreting the attached email as your response to the below email I sent you this morning. As such, I will be moving forward with the motion to compel.

Petitioner's Attorney – India Kidd-Aaron

India Kidd-Aaron
Colorado Department of Law
P: 720-508-6401 | India.Kidd-Aaron@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

From: India Kidd-Aaron
Sent: Tuesday, March 28, 2023 9:45 AM
To: jason@clarkbrothersinvestments.com
Subject: RE: YOUR request for Discovery

Mr. Clark,

I need you to respond to the specific requests in the discovery request. Please note, I do not have access to any of the documents that you submitted to the SEC. The SEC is a completely separate agency from the Colorado Securities Division - who is my client. So, if you have provided the SEC with documents requested in the attach, please also provide them to me. If you do not know how to respond to the attached, I have provided a non-exhaustive list of appropriate responses below.

APPROPRIATE RESPONSES FOR WRITTTEN DISCOVERY

1. If you have already provided the requested documents:
    - Describe the documents you have provided that fall within the described category of requested documents;

  - the approximate date that you provided them;
  - and who you provided them to
2. If you do not have the documents in your possession/ are unable to provide the documents:
  - Describe why the documents are not in your possession;
  - Why you are unable to provide the documents; and
  - What you need to do to obtain/ provide the documents
3. If the documents do not exist:
  - State that the documents do not exist; and
  - Why the documents do not exist
4. You have the documents/ think you have the documents:
  - Provide them; or
  - Provide them and explain why you believe that the documents you are providing are the requested documents

Again, please note that the above is non-exhaustive list and meant to provide you with guidance on how to respond to the attached.

If you do not reply to the attached written discovery request, I will have to file a motion to compel with the OAC.

Petitioner's Attorney - India Kidd-Aaron

India Kidd-Aaron
Colorado Department of Law
P: 720-508-6401 | India.Kidd-Aaron@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

-----Original Message-----
From: jason@clarkbrothersinvestments.com <jason@clarkbrothersinvestments.com>
Sent: Thursday, March 23, 2023 10:11 AM

To: India Kidd-Aaron <India.Kidd-Aaron@coag.gov>
Subject: YOUR request for Discovery

Hi, all of the requested discovery you asked for the CDS/DORA and the SEC already have. The only outstanding items are new client Contracts since Sept 8-9, 2022 FINRA arbitration hearing.
I will provide newer CBI contracts ASAP. As for all of the other items, you will have to obtain that from CDS and/or SEC. I provided twice, and unless you can site a CO Securities statute or a LAW that states I have to provide the EXACT SAME INFORMATION a third time, we can agree that the AG office will have to get the requested discovery from CDS and/or SEC.
Thanks, Jason R. Clark, Always available for discussion, 720.255.5711.

| | |
|---|---|
| Subject | Re: YOUR request for Discovery |
| From | jason@clarkbrothersinvestments.com |
| To | India Kidd-Aaron |
| Date | Tue 15:59 |

The SEC and CDS have the exact same documents which include all of your
requests. CDS has every single item you requested. I already sent to your office the added Clients / Client contracts since FINRA arbitration on Sept 8-9, 2022. I have also ordered a copy of the FINRA arbitration tapes and will forward those to you as soon as I receive them. You or anyone who is involved in this case and/or CASE # 1:23-cv-00191-CNS-SKC
AND/OR CASE # 1:22-cv-03015-SKC can always call me or meet with me to
discuss a solution to this entire situation. Thanks, Jason R. Clark, pro se DEFENDANT, 720.255.5711 MY ONLY PHONE NUMBER.

RE: DISCOVERY Requests

From India Kidd-Aaron

To jason@clarkbrothersinvestments.com

Date Tue 16:37

Attachments

- Part 2.eml(~27 KB)Options
- Part 2.2.eml(~8 KB)Options

Message Body
Mr. Clark, please see attached including " I need you to respond to the specific requests in the discovery request.".

Petitioner's Attorney - India Kidd-Aaron

India Kidd-Aaron
Colorado Department of Law
P: 720-508-6401 | India.Kidd-Aaron@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

-----Original Message-----
From: jason@clarkbrothersinvestments.com <jason@clarkbrothersinvestments.com>
Sent: Tuesday, March 28, 2023 3:24 PM
To: India Kidd-Aaron <India.Kidd-Aaron@coag.gov>
Subject: DISCOVERY Requests

HAVE YOU ASKED THE CDS FOR THE ITEMS YOU HAVE REQUESTED FROM ME?

I did exactly as YOUR email states:
APPROPRIATE RESPONSES FOR WRITTTEN DISCOVERY

If you have already provided the requested documents: I HAVE.
Describe the documents you have provided that fall within the described category of requested documents; ALL YOUR REQUESTED ITEMS, 100%.
the approximate date that you provided them; CDS HAS THIS ON FILE PER EXAMINATION. THE EXACT DATES.
and who you provided them to THE COLORADO DIVISION OF SECURITIES - YOUR CLIENT.

What am I missing?

| | |
|---|---|
| Subject | RE: YOUR request for Discovery |
| From | India Kidd-Aaron |
| To | jason@clarkbrothersinvestments.com |
| Date | Tue 16:02 |

Mr. Clark, I am interpreting the attached email as your response to the below email I sent you this morning. As such, I will be moving forward with the motion to compel.

Petitioner's Attorney – India Kidd-Aaron

India Kidd-Aaron
Colorado Department of Law
P: 720-508-6401 | India.Kidd-Aaron@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

From: India Kidd-Aaron
Sent: Tuesday, March 28, 2023 9:45 AM
To: jason@clarkbrothersinvestments.com
Subject: RE: YOUR request for Discovery

Mr. Clark,

I need you to respond to the specific requests in the discovery request. Please note, I do not have access to any of the documents that you submitted to the SEC. The SEC is a completely separate agency from the Colorado Securities Division - who is my client. So, if you have provided the SEC with documents requested in the attach, please also provide them to me. If you do not know how to respond to the attached, I have provided a non-exhaustive list of appropriate responses below.

APPROPRIATE RESPONSES FOR WRITTTEN DISCOVERY

1. If you have already provided the requested documents:
    - Describe the documents you have provided that fall within the described category of requested documents;
    - the approximate date that you provided them;
    - and who you provided them to
2. If you do not have the documents in your possession/ are unable to provide the documents:
    - Describe why the documents are not in your possession;
    - Why you are unable to provide the documents; and
    - What you need to do to obtain/ provide the documents
3. If the documents do not exist:
    - State that the documents do not exist; and
    - Why the documents do not exist
4. You have the documents/ think you have the documents:
    - Provide them; or
    - Provide them and explain why you believe that the documents you are providing are the requested documents

Again, please note that the above is non-exhaustive list and meant to provide you with guidance on how to respond to the attached.

If you do not reply to the attached written discovery request, I will have to file a motion to compel with the OAC.

Petitioner's Attorney - India Kidd-Aaron

India Kidd-Aaron
Colorado Department of Law
P: 720-508-6401 | India.Kidd-Aaron@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

-----Original Message-----
From: jason@clarkbrothersinvestments.com <jason@clarkbrothersinvestments.com>
Sent: Thursday, March 23, 2023 10:11 AM
To: India Kidd-Aaron <India.Kidd-Aaron@coag.gov>
Subject: YOUR request for Discovery

Hi, all of the requested discovery you asked for the CDS/DORA and the SEC already have. The only outstanding items are new client Contracts since Sept 8-9, 2022 FINRA arbitration hearing.
I will provide newer CBI contracts ASAP. As for all of the other items, you will have to obtain that from CDS and/or SEC. I provided twice, and unless you can site a CO Securities statute or a LAW that states I have to provide the EXACT SAME INFORMATION a third time, we can agree that the AG office will have to get the requested discovery from CDS and/or SEC.
Thanks, Jason R. Clark, Always available for discussion, 720.255.5711.

| | |
|---|---|
| Subject | Re: YOUR request for Discovery |
| From | jason@clarkbrothersinvestments.com |
| To | India Kidd-Aaron |
| Date | Tue 15:59 |

The SEC and CDS have the exact same documents which include all of your
requests. CDS has every single item you requested. I already sent to your office the added Clients / Client contracts since FINRA arbitration

on Sept 8-9, 2022. I have also ordered a copy of the FINRA arbitration tapes and will forward those to you as soon as I receive them. You or anyone who is involved in this case and/or CASE # 1:23-cv-00191-CNS-SKC
AND/OR CASE # 1:22-cv-03015-SKC can always call me or meet with me to
discuss a solution to this entire situation. Thanks, Jason R. Clark, pro se DEFENDANT, 720.255.5711 MY ONLY PHONE NUMBER.

RE: DISCOVERY Requests

From India Kidd-Aaron

To jason@clarkbrothersinvestments.com

Date Tue 16:55

Message Body
Mr. Clark,

I will not be responding to any more threats from you and I will inform the court of you continue to threaten me.

I have provided you with two batches of documents in initial disclosures. It is your responsibility to review those documents.

Petitioner's Attorney - India Kidd-Aaron

India Kidd-Aaron
Colorado Department of Law
P: 720-508-6401 | India.Kidd-Aaron@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

-----Original Message-----
From: jason@clarkbrothersinvestments.com <jason@clarkbrothersinvestments.com>
Sent: Tuesday, March 28, 2023 3:51 PM
To: India Kidd-Aaron <India.Kidd-Aaron@coag.gov>
Subject: Re: DISCOVERY Requests

I did. And, I am going to ask you again. HAVE YOU REQUESTED THE DOCUMENTS YOU ARE ASKING ME FOR FROM YOUR CLIENT The Colorado Division of Securities? I am also awaiting your reply to a previous question which you have dodged which is: On what date, time, and place did I/Jason Clark/DEFENDANT turn down a requested meeting with the CDS?
Provide me with proof that I turned down this mystery meeting. YOU CAN NOT because there was no mystery meeting. According to Colorado Bar and ethics requirements: "All states have a rule of ethics that prohibits attorneys from engaging in "dishonesty, fraud, deceit, or misrepresentation."
Regards, Jason R. Clark, pro se DEFENDANT, 720.255.5711.

Re: DISCOVERY Requests

From jason@clarkbrothersinvestments.com

To India Kidd-Aaron

Date Today 11:36

Message Body
Here is the definition of threat: a statement of an intention to inflict pain, injury, damage, or other hostile action on someone in retribution for something done or not done.
Where in any email or correspondence did I "threaten you"? State specifically. I have not.

Asking you questions is not a threat. I will again ask you the two questions that I have asked of you and you have not answered. Both are relevant and material to my case.
1) Please provide me evidence and proof that I declined any meeting with CDS. Evidence and proof that I DECLINED, not that the State says there was a meeting.
2) Have you asked the CDS for the discovery you asked me for?

Thank You, Jason R. Clark, 720.255.5711.

**END OF EMAIL STRING**